**IN THE SUPERIOR COURT OF THE STATE OF DELAWARE**

| | | |
|---|---|---|
| CHARLES ARMSTRONG, | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | C.A. No. N15C-07-078 RRC |
| | ) | |
| JEWISH FEDERATION OF | ) | |
| DELAWARE, INC. | ) | |
| Defendant. | ) | |

Submitted: January 18, 2017
Decided: April 3, 2017

On Defendant's Motion for Summary Judgment. **GRANTED.**

On Defendant's Motion to Compel. **DENIED AS MOOT.**

On Defendant's Motion in Limine to Admit Photographs of Whirlpool as it Appeared on the Date of the Alleged Incident.  **DENIED AS MOOT.**

On Defendant's Motion in Limine to Preclude any Evidence of Subsequent Remedial Measures.  **DENIED AS MOOT.**

# <u>MEMORANDUM OPINION</u>

Leo J. Boyle, Esquire, Law Office of Leo J. Boyle, Wilmington, Delaware, Attorney for Plaintiff.

Gary H. Kaplan, Esquire, Marshall Dennehey Warner Coleman & Goggin, Wilmington, Delaware, Attorney for Defendant.

COOCH, R.J.

# I. INTRODUCTION

Before the Court is Defendant Jewish Federation of Delaware, Inc.'s Motion for Summary Judgment. This personal injury action arises out of Plaintiff Charles Armstrong's alleged slip and fall while descending into a "hot tub"[1] on Defendant's property. In its Motion, Defendant argues that summary judgment is appropriate because Plaintiff has failed to establish, through expert opinion, what duty Defendant owed Plaintiff, and whether Defendant breached a potential duty owed to Plaintiff.

Plaintiff's negligence complaint against Defendant focuses on two components of Defendant's hot tub: the handrails and the steps. First, Plaintiff's complaint contends that Defendant negligently maintained the handrails leading down into the hot tub. Second, Plaintiff's complaint asserts that Defendant was negligent in "[f]ail[ing] to install a non-slip surface on the stainless steel steps used to exit and enter the whirlpool."[2]

The Court finds that Plaintiff has failed to establish a *prima facie* case of negligence against Defendant, warranting summary judgment in favor of Defendant. Plaintiff has not produced an expert opinion regarding the applicable standard of care with respect to either the handrails or the steps. The standards of care applicable in this case are "beyond the ken of the average juror,"[3] and therefore an expert's opinion is necessary to inform the jury of such standards of care. The Court also finds that Plaintiff's purported Rule 26(b)(4) expert disclosure is both untimely and substantively deficient. Accordingly, as Plaintiffs have failed to establish a *prima facie* case of negligence at this juncture, Defendant's Motion for Summary Judgment is **GRANTED.**

---

[1] The parties refer to the aquatic venue as a "whirlpool." However, "Whirlpool" appears to be a trade name, and it does not seem that the tub in question bears such a branding. The Merriam-Webster dictionary defines a "hot tub" as "a large tub of hot water in which bathers soak and usually socialize." MERRIAM-WEBSTER.COM, https://www.merriam-webster.com/dictionary/hot+tub (last visited April 3, 2017). The Court finds that this definition suits the nature and use of the tub at issue. Accordingly, the "whirlpool" referred to by the parties shall be referred to as a "hot tub" in this decision.

[2] Compl. ¶ 8(a).

[3] *Cruz v. G-Town Partners, L.P.*, 2010 WL 5297161, at *14 (Del. Super. Dec. 3, 2010).

## II. FACTS AND PROCEDURAL HISTORY

Defendant has moved for summary judgment under Delaware Superior Court Civil Rule 56. When reviewing a motion for summary judgment, the factual record, "including any reasonable inferences to be drawn therefrom, must be viewed in the light most favorable to the nonmoving party."[4]  Accordingly, the facts and inferences appear to the Court, set forth in a light most favorable to Plaintiff, as follows:

On September 23, 2013, Plaintiff was visiting the Jewish Community Center ("JCC") in Wilmington and entered the hot tub.  Plaintiff held onto the handrail and descended the steps while facing forward.  When Plaintiff stepped onto the third step, he slipped and fell onto his right side, injuring his left shoulder, right thigh, and his right hip.

Plaintiff's complaint alleged that Defendant's negligent maintenance of the hot tub caused Plaintiff's injuries by:

> a) Fail[ing] to install a non-slip surface on the stainless steel steps used to exit and enter the [hot tub];
> b) Fail[ing] to foresee the danger that wet, stainless steel steps present when they are not covered with non-slip material;
> c) Fail[ing] to warn bathers that the steps were not covered with non-slip material and that the steps therefore presented a safety hazard;
> d) Install[ing] an insufficient handrail that did not meet the standard of care;
> e) Fail[ing] to manage the [hot tub] properly.[5]

On December 21, 2015, the Court issued a Trial Scheduling Order. Pursuant to that order, Plaintiff's expert reports or Superior Court Civil Rule 26(b)(4) disclosures were due on May 20, 2016. Defendant's expert reports or Rule 26(b)(4) disclosures were due August 22, 2016.  A discovery cut-off date was set for October 14, 2016, and the Court set October 31 as the deadline for dispositive motions.

---

[4] *LaPoint v. AmerisourceBergen Corp.*, 970 A.2d 185, 191 (Del. 2009).
[5] Compl. ¶ 8.

On March 18, 2016, Plaintiff filed a response to Defendant's discovery request, identifying Dr. Bruce H. Grossinger as an expert witness. In addition to disclosing Dr. Grossinger as an expert and providing the date of his narrative report, Plaintiff's filing stated *in toto*: "Dr. Grossinger will be an expert *medical* witness on behalf of the Plaintiff."[6] No non-medical liability expert was identified in that filing regarding any aspect of the hot tub design or its maintenance.

On August 17, 2016, Defendant's liability expert, David H. Fleisher, P.E., prepared an expert report opining on Defendant's maintenance of the hot tub. In that report, Mr. Fleisher stated his opinion on whether a duty owed to Plaintiff was breached, and whether Defendant caused Plaintiff's fall and subsequent injuries:

- The [Defendant] was not required to change the stainless steel surface of the hot tub and handrails, as evidenced by the approved hot tub conditions, documented in the *Public Pool Sanitary Survey Form*, dated July 7, 2009 and February 21, 2012.
- [Defendant] did not cause [Plaintiff] to fall in the hot tub.
  - [Plaintiff] fell because he mis-stepped and was inattentive.
  - [Plaintiff] fell because he did not maintain control of himself while descending the hot tub steps.
  - [Plaintiff] should have reached and maintained hold of at least one handrail at the hot tub steps at the time of this incident.
  - The [hot tub] was code compliant.
  - The diameter, grasp and height of the handrails was reasonable. The handrails complied with accepted practice.
  - [Plaintiff] should have descended the hot tub steps facing the steps to ensure increased control of his descents, and increase and support for his feet.[7]

On October 20, 2016, Defendant moved to extend expert discovery and expert disclosure deadlines. In its motion, Defendant advised the Court that his medical expert's produced his report on October 14, and that counsel for Defendant forwarded that report to Plaintiff's counsel. Defendant advised the Court during oral argument on the motion on November 15, 2016, that the

---

[6] Pl.'s Supp. Resp. to Def.'s Disc. Request (Mar. 18, 2016) (emphasis added).
[7] Def.'s Mot. for Summ. J., Ex. A, at 7.

extension would not have an impact on Defendant's October 25, 2016 Motion for Summary Judgment. Although Plaintiff opposed the motion, the Court granted on November 15, 2016, thus retroactively extending Defendant's expert disclosure date to October 14 and the expert discovery cut-off date to December 15.

On October 25, 2016, Defendant filed the pending Motion for Summary Judgment. On November 7, Plaintiff filed a Supplemental Response to Defendant's First Set of Interrogatories, identifying Maria Bella as a "sports/recreation/aquatics expert." Notably, Plaintiff's deadline for identifying such expert was May 20, 2016. Although the responses to the interrogatories reference a report and *curriculum vitae* written by Ms. Bella, no report or *curriculum vitae* was ever produced to Defendant.[8] Plaintiff's counsel did advise, however, that he

> expected that the sports/recreation/aquatics expert would testify as to the design standards and industry standards of care for whirlpools and pools. It is expected that the expert's opinion will state that the handrail was not long enough. The standards furthermore would be that steel steps are too slippery for a user entering or exiting the whirlpool. These steps need to be slip resistant. Furthermore, the depth and height of the steps were not safe when taken in to consideration the lack of a slip resistant surface on the steps.[9]

On November 21, Defendant filed a Motion to Compel seeking a *curriculum vitae* and an affidavit from Ms. Bella attesting to the accuracy of Plaintiff's untimely supplemental response to Defendant's First Set of Interrogatories. On December 21, Defendant filed a motion in limine to admit photographs of the hot tub as it appeared on the date of the incident. On that same day, Defendant filed a second motion in limine to preclude evidence of subsequent remedial measure taken by Defendant with respect to the steps of the hot tub.

---

[8] Def.'s Mot. to Compel at 1.
[9] Supp. Resp. to Def.'s First Set of Interrogatories, *Armstrong v. Jewish Federation of Delaware, Inc.*, C.A. No. N15C-07-078, at 19-20 (Nov. 7, 2016).

# III. PARTIES' CONTENTIONS

## A. *Defendant's Contentions*

Defendant contends that summary judgment should be granted because Plaintiff has failed to establish a *prima facie* case of negligence. First, Defendant contends that "there is no evidence nor any expert listed to testify that the handrails to the [hot tub] were 'insufficient.'"[10] Second, Defendant asserts that "there is neither evidence nor an expert opinion that Defendant owed a duty to Plaintiff to provide a non-slip surface in the [hot tub]."[11] Defendant argues that summary judgment is warranted pursuant to well-established case law that

> where the non-moving party bears the ultimate burden of proof on an issue of the trial, the moving party may instead demonstrate that a complete failure of proof concerning an essential element renders all other facts immaterial. If the moving party demonstrates a failure of proof by the non-moving party, then there is no issue of material fact and summary judgment may be granted.[12]

Defendant further contends that an expert opinion is required to establish that a legal duty was owed to Plaintiff with respect to both the handrail and the steps of the hot tub. Defendant asserts that Plaintiffs have set forth no expert opinion that Defendant owed Plaintiff a legal duty with respect to the handrail, and that Plaintiffs have not established that any potential duty was breached. Further, Defendant argues that it owed no legal duty to the Plaintiff with respect to the steps, because the "inherently slippery nature of items such as bathtubs in an inn create an 'open and obvious' condition of which the business owner has no duty to warn or otherwise address."[13] Accordingly, Defendant contends that summary judgment is appropriate because Plaintiff has failed to establish a legal duty owed to him by Defendant with respect to either the steps or the stairs.

---

[10] Def.'s Mot. for Summ. J. at 2.

[11] *Id.*

[12] *Id.*(internal quotations omitted) (quoting *Lundeen v. PricewaterhouseCoopers, LLC*, 2006 WL 2559855, at *5 (Del. Super. Aug. 31, 2006).

[13] Def.'s Mot. for Summ. J. at 4 (citing *Brown v. Dover Downs, Inc*, 2011 WL 3907536 (Del. Super. Aug. 30, 2011).

## B. *Plaintiff's Contentions*

Plaintiff contends that the issues of material facts exist, rendering summary judgment inappropriate at this stage. Plaintiff argues that the following facts are material and in dispute: "(I) whether Defendant has a duty to maintain a safe condition for guests walking into the [hot tub], and whether that duty was breached; (II) whether the handrails were the proper length or in a proper position to allow for someone to safely enter the [hot tub]."[14]

With respect to the handrails, Plaintiff contends that expert testimony is not needed to establish the legal duty owed to Plaintiff. Plaintiff asserts that "a landowner owes a duty of reasonable care to business invitees to maintain the premises in a reasonably safe condition, or to warn the invitees of any latent or concealed danger."[15] Plaintiff further argues that, because Defendant's expert opined that Plaintiff should have descended into the hot tub facing backwards, a warning advising of that maneuver should have been posted near the hot tub.

With respect to the steps, Plaintiff asserts that a non-slip surface should have been installed on the steps, and that no expert opinion is needed to establish a breach of a duty owed to Plaintiff. Plaintiff contends that he can meet his burden of proof by cross-examination of Defendant's expert witness at trial. In further support of his position, Plaintiff asserts that the hot tub was not in compliance with 16 Del. Admin. C. § 4464-9.4.[16] However, the first time Plaintiff alleged any violation of § 4464-9.4 was in his Response to Defendant's Motion for Summary Judgment. Specifically, Plaintiff alleges in his response that the hot tub did not have "a solid marking line at least one inch wide" on the outer edge of the seat bench.[17] Additionally, Plaintiff argues that "because . . . protective strips were later placed on the steps [after the alleged incident], it can be inferred that the

---

[14] Pl.'s Resp. to Def.'s Mot. for Summ. J. at 2.

[15] *Id.* at 2-3.

[16] The section of the Administrative Code pertaining to spa pools at the time of the incident was § 4464-9.4. However, since the incident, § 4464 was amended, and the subchapter pertaining to spa pools is now § 4464-11.

[17] Pl.'s Resp. to Def.'s Mot. for Summ. J. at 5.

[Defendant] had the ability to control the slipperiness of the steps due to their ownership and control of the facility."[18]

# IV. DISCUSSION

## A. *Standard of Review*

Under Rule 56, "summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law."[19] "Where the non-moving party bears the ultimate burden of proof on an issue of the trial, the moving party may instead demonstrate that a complete failure of proof concerning an essential element renders all other facts immaterial."[20] "Once a moving party establishes that no material facts are disputed, the non-moving party bears the burden to demonstrate a material fact issue by offering admissible evidence."[21] "If the moving party demonstrates a failure of proof by the non-moving party, then there is no genuine issue of material fact and summary judgment may be granted."[22]

## B. *Plaintiff has Failed to Set Forth the Standard of Care Applicable to Defendant's Maintenance of the Hot Tub's Hand Rails and Steps*

"To prevail on a claim of negligence against a [defendant], the plaintiff must show that the [defendant] breached a duty and that the breach was a proximate cause of the plaintiff['s] injury."[23] "While it is the jury's role to determine issues of negligence, Delaware courts have granted summary judgment where the plaintiff has failed to produce an expert opinion when issues involving the standard of care, defects, or proximate cause relate to matters outside the common knowledge of the jury."[24] "Although general negligence claims do not require

---

[18] *Id.* at 6.
[19] *Pankowski v. State Farm Mutual Automobile Insurance Co.*, 2013 WL 5800858, at *3 (Del. Super. Oct. 10, 2013).
[20] *Lundeen*, 2006 WL 2559855, at *5.
[21] *Pankowski*, 2013 WL 5800858, at *3.
[22] *Lundeen*, 2006 WL 2559855, at *5.
[23] *Bond v. Wilson*, 2015 WL 1242828, at *2 (Del. Super. Mar. 16, 2015).
[24] *Id.*

expert testimony and can be evaluated by a layperson, design defect claims rely on facts beyond a layperson's knowledge."[25]

### 1. Plaintiff's Untimely November 7, 2016 Response to Defendant's Interrogatories Regarding his Plaintiff's Liability Expert was also Substantively Deficient

Under Superior Court Civil Rule 26(b)(4), "[a] party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion." In this case, a deadline of May 20, 2016 had been set for Plaintiff's Rule 26(b)(4) disclosures.

Plaintiff's identification of Ms. Bella as his "sports/recreation/aquatics expert" was both untimely and substantively deficient. Under the trial scheduling order, Plaintiff's expert disclosure was due on May 20, 2016. The cut-off date for completion of all discovery was initially October 14, 2016; however, the trial scheduling order was later amended to provide a discovery cut-off date for December 15, 2016. Nevertheless, Plaintiff's purported Rule 26(b)(4) expert disclosure came in on November 7, 2016, almost six months after his deadline for such disclosures had passed.

Plaintiff's belated attempt to produce an expert report after Defendant filed a Motion for Summary Judgment that was based on Plaintiff's failure to have identified a liability expert disrupted without any justification the orderly progress of the case, which was moving towards a trial date of April 3, 2017. In *Christian v. Counseling Resource Associates, Inc.*, the Delaware Supreme Court held that "[t]he parties will be able to avoid motion practice and ill will by agreeing to reasonable extension requests . . . . The difference is that they must promptly file a proposed amended scheduling order for the trial court's signature."[26] In this case, nothing in the record suggests that the parties agreed to an extension request for

---

[25] *Id.*
[26] 60 A.3d 1083, 1088 (Del. 2013).

9

Plaintiff's Rule 26(b)(4) disclosure. No stipulation or motion to amend the trial scheduling order was ever filed. Nor was any discussion held between the Court and the parties regarding Plaintiff's late filing. Accordingly, as Plaintiff's identification of Ms. Bella occurred well after the deadline for his expert disclosures, Plaintiff's purported Rule 26(b)(4) disclosure is untimely.

Plaintiff's purported Rule 26(b)(4) disclosure is also substantively deficient. The purpose of Rule 26(b)(4) expert disclosures "is to enable a full, fair, and effective cross-examination of an adversary's trial expert, as well as trial preparation of one's own expert."[27] Rule 26(b)(4) provides that the disclosure must at least contain the following information:

> [1] identify each person whom the other party expects to call as an expert witness at trial, [2] to state the subject matter on which the expert is expected to testify, [3] and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

In *Dixon v. Batson*, this Court held that the plaintiff's Rule 26(b)(4) disclosures were insufficient. All eight of the plaintiff's disclosures made similarly phrased conclusory medical findings. For example, one disclosure stated: "[expert at issue] will opine to a reasonable degree of medical probability that Mr. Dixon suffered pain, trauma, and hematoma on the right side of his body and this pain, trauma, and hematoma was causally related to the February 1, 2012 incident."[28]

First, the Court held that the disclosure did not "provide any insight into the bases for the experts' opinions."[29] Relying on the Supreme Court's decision in *Sammons v. Doctors for Emergency Services, P.A.*[30], the *Dixon* Court held that "the purpose of Rule 26 disclosure was not merely to inform the opposing party of the substance of the opinion, but also of the *bases* for the expert's opinion."[31]

---

[27] *Lawson v. Consolidated Ry. Corp.*, 1990 WL 91091, at *2 (Del. Super. June 8, 1990).
[28] *Dixon v. Batson*, 2015 WL 4594159, at *3 (Del. Super. July 30, 2015).
[29] *Id.*
[30] *Sammons v. Doctors for Emergency Services, P.A.*, 913 A.2d 519, 528-29 (Del. 2006).
[31] *Id.* (emphasis in original).

Second, the Court held that vague, *pro forma*, and identical descriptions of multiple experts' testimonies were not specific enough. The *Dixon* Court again relied on *Sammons*, in which the Delaware Supreme Court discussed with approval an earlier decision of this Court:

> Parties must comply with the discovery rules by identifying expert witnesses and disclosing the substance of their expected opinions as a precondition to the admissibility of expert testimony at trial. . . . In *Duncan*, the plaintiff argued that she did not need to do anything more than to identify her expert witnesses and then Defendants could take depositions to learn what those opinions might be. The trial judge disagreed:
>
> > This is contrary to the scheduling order and this Court's practice. Plaintiff was to identify her experts and provide their reports as to their expert opinions. Then, Defendants would be on notice for the bases for the expert opinions, and, pursuant to the scheduling order, respond in kind as to their experts and supply the bases for their opinions by way of a report. It is not reasonable to require Defendants' counsel to go on a wild goose chase with Plaintiff's experts or to depose Plaintiff's experts without the benefit of having the opinions and the medical or scientific reasoning for those opinions.[32]

Third, the *Dixon* Court held that

> of great significance[] [was] that the 'disclosures' [were] not from the expert at all. Rather, they [were] statements by counsel, who is not the witness subject to cross-examination. Hence, if at a deposition or trial a question is asked challenging a 'disclosure,' and the responding expert merely responds that he never opined such a thing, the cross-examining counsel has no prior inconsistency to rely upon.[33]

In this case, Plaintiff's purported Rule 26(b)(4) disclosure for his liability expert raises the same concerns as those present in *Dixon*. First, as in *Dixon*,

---

[32] *Sammons*, 913 A.2d at 528-29 (citing *Duncan v. O.A. Newton & Sons Co.*, 2006 WL 2329378 (Del. Super. July 27, 2006)).
[33] *Dixon*, 2015 WL 4594159, at *4.

11

Plaintiff's purported Rule 26(b)(4) disclosure does not provide any insight into the bases for his expert's opinions. Rather, the disclosure contains conclusory statements without any summary of the grounds for Ms. Bella's suggested opinion, which are required under Rule 26(b)(4)(A)(i).

Second, and similarly, the disclosure only vaguely states the expert's expected opinions. It does not provide Defendant or Defendant's counsel with "the benefit of having the opinions and the . . . scientific reasoning for those opinions," as discussed by the Delaware Supreme Court in *Sammons*.[34] Based on this vague disclosure, Defendant's counsel would be unable to provide adequate information to its own expert in order for it to respond to Plaintiff's expert's opinion.

Third, Plaintiff's disclosure did not come from Ms. Bella herself, but rather were the expectations of Plaintiff's counsel. As this Court discussed in *Dixon*, counsel is not subject to cross examination. If at a deposition or during trial Ms. Bella was challenged on Plaintiff's counsel's disclosure, she might well respond that she never reached such an opinion, and Defendant would have no prior inconsistent statement upon which to rely.[35]

Additionally, it is unclear whether Plaintiff actually intends to rely on Ms. Bella's opinions on the steps and handrails. In his Response to Defendant's Motion for Summary Judgment, Plaintiff argues that "[a]n expert is not needed to show that Defendant owed a duty to Plaintiff to maintain a safe condition on the slippery stainless steel surface of the steps leading into the [hot tub]."[36] Plaintiff also suggested in his Response that he

> can meet his burden of proof for establishing there is a genuine issue of material fact, as to whether the hand rails were the proper length or in a proper position to allow for someone to safely enter the whirlpool, without presenting expert testimony. *Plaintiff may meet this burden simply by way of cross-examination of the defendant's expert.*[37]

---

[34] *Sammons*, 913 A.2d at 529.
[35] *Dixon*, 2015 WL 4594159, at *4.
[36] Pl.'s Resp. to Def.'s Mot. for Summ. J. at 2 (emphasis added).
[37] *Id.* at 6.

At oral argument on this Motion, the Court inquired into this statement:

> THE COURT: Well, what happens at the end of plaintiff's case if [Defendant's counsel] makes a motion for judgment as a matter of law, never having heard from any defendant's expert because the defendant has not put on his case?
>
> MR. BOYLE: Well, Your Honor, we still have a negligence count and I don't think we need an expert for all of our theories of recovery.[38]

Accordingly, it is unclear whether Plaintiff intends to rely on Ms. Bella's expert opinion at trial. If Plaintiff does not intend to present Ms. Bella's opinion, then he will be unable to meet his burden of proof as to the standard of care. Although Plaintiff asserts that he "may meet this burden simply by way of cross-examination of the defendant's expert," this assertion is incorrect. If Plaintiff has not set forth an opinion as to the standard of care pertaining to either the design of the handrail or the maintenance of the steps by the end of his case-in-chief, Defendant would have no need to call his expert to testify. Rather, Defendant would move for, and succeed on, a motion for judgment as a matter of law pursuant to Superior Court Civil Rule 50 since Plaintiff had failed to establish whether Defendant breached a duty owed to Plaintiff, an essential element of negligence. A plaintiff must establish a duty and a breach of a duty through his own expert, not through cross-examination of his opponent's expert.

Assuming *arguendo* that Plaintiff does intend to rely on Ms. Bella's expert opinion at trial, Plaintiff's identification of Ms. Bella as his "sports/recreation/aquatics expert" was both untimely and substantively deficient. The purported disclosure came almost six months after the deadline for Plaintiff's expert disclosures. Additionally, the purported disclosure did not set forth a "summary of the grounds" for Ms. Bella's opinions. Accordingly, to the extent Plaintiff would wish to rely on Ms. Bella's opinion at trial, Plaintiff would not be permitted to do so based on the untimeliness of and substantive deficiencies in the purported Rule 26(b)(4) disclosure. Plaintiff will not be permitted to defeat

---

[38] *Armstrong v. Jewish Federation of Delaware*, C.A. No. N15C-07-078 RRC, 25:7-9 (Del. Super. Dec. 6, 2016) (TRANSCRIPT).

Defendant's Motion for Summary Judgment by dropping this purported identification of Ms. Bella as an expert in the midst of the Motion for Summary Judgment briefing.

### 2. Plaintiff has Not Set Forth Sufficient Evidence Regarding Defendant's Allegedly Negligent Maintenance of the Handrails

Plaintiff's claim that Defendant's installation of the handrails leading into the hot tub did not meet the standard of care also requires expert testimony to establish the applicable standard of care. "This Court has held that cases involving a loose handrail do not require expert testimony because such issues are noticeable defects which are not beyond the common knowledge of the jury."[39] "However, where there is no noticeable defect, such as the handrail being 'loose' or 'wobbly,' any defective condition that may exist is beyond the common knowledge of a typical jury."[40]

In *Cruz v. G-Town Partners, L.P.*, this Court discussed the need for expert testimony when the installation of a wall mounted sink was at issue. In *Cruz*, this Court held that

> the proper installation, maintenance, and repair of a wall mounted sink is beyond the ken of an average juror, as it requires an understanding of and familiarity with the structural and mechanical requirements for a properly mounted sink. Although most or all jurors may observe and use bathroom sinks on a daily basis, the intricacies and nuances of proper and secure wall mounting is a technical issue that requires an expert explanation and opinion . . . .[41]

In this case, Plaintiff has offered no expert testimony regarding the applicable standard of care regarding handrails leading into a hot tub. Plaintiff has not alleged that the handrails were noticeably "wobbly" or "loose" as contemplated by *Bond*. Rather, Plaintiff generally contends that the handrails did not extend far

---

[39] *Bond v. Wilson*, 2015 WL 1242828, at *3 (Del. Super. Mar. 16, 2015) (citing *Panansewicz v. Jennings*, 2014 WL 1270014 (Del. Super. Jan. 27, 2014)).
[40] *Id.*
[41] *Cruz*, 2010 WL 5297161, at *14.

enough into the hot tub, thereby depriving bathers of adequate support as they enter the hot tub. As this is an allegation that the hot tub's handrails were inadequately designed or installed, which requires knowledge of the "intricacies and nuances of proper and secure [handrail mounting]," Plaintiff's claim regarding the handrails requires expert testimony on the applicable standard of care. Plaintiff's counsel conceded at oral argument that "[expert testimony on this issue] might be helpful, but I don't think it's absolutely necessary."[42] As Plaintiff has failed to offer expert testimony regarding the standard of care relevant to handrail design, Plaintiff has failed to establish a *prima facie* case on this count. Accordingly, summary judgment for the defendant is granted with respect to the handrails.

### 3. Plaintiff has Not Set Forth Sufficient Evidence Regarding the Standard of Care Pertaining to the Steps

Similarly, Plaintiff's contention that Defendant breached a duty owed to Plaintiff to install a non-slip surface on the steps requires expert testimony. Plaintiff requires expert testimony to proceed on this count in two respects. First, Plaintiff must establish that Defendant owed a duty to install a non-slip surface on the steps of the hot tub. Second, Plaintiff would need an expert to testify as to whether or not the "stainless steel" surface, as it's characterized by Plaintiff, was a "non-slip surface" under the applicable standards.

As this Court held in *Cruz*, expert testimony is necessary when matters involve knowledge that is "beyond the ken of the average juror." Whether or not Defendant owed a duty to Plaintiff to install a "non-slip surface" on the steps in compliance with industry standards requires technical knowledge of the standard of care applicable to public hot tubs that is beyond the common knowledge of the jury. In its Response to Defendant's Motion for Summary Judgment, Plaintiff asserts that 16 Del. Admin. C. § 4464-9.4 dictates that hot tubs steps must have non-slip surfaces. Plaintiff had not previously alleged a violation of § 4464-9.4 in any pleading, including his complaint. Accordingly, reliance on § 4464-9.4 is

---

[42] *Armstrong v. Jewish Federation of Delaware*, C.A. No. N15C-07-078 RRC, 25:7-9 (Del. Super. Dec. 6, 2016) (TRANSCRIPT).

inapposite, and Plaintiff would need expert testimony to establish that Defendant owed a duty to install a non-slip surface

Assuming, *arguendo*, that Defendant owed a duty to Plaintiff to install a non-slip surface on the steps leading into the hot tub, Plaintiff would still need an expert to opine on what constitutes a "non-slip surface." Whether the composition of the step surfaces on the date of the incident was a "non-slip" surface by applicable standards requires technical knowledge of the "intricacies and nuances" of material science that the average juror would not ordinarily possess. A jury would therefore need to be informed by an expert with knowledge in that field as to the meaning of "non-slip surface" in the context of submerged steps. Without that knowledge being conferred upon the jury, they would be left to speculate as to the industry standards and accepted practices regarding underwater steps and non-slip surfaces. As Plaintiff failed to set forth expert testimony as to whether Defendant owed Plaintiff a duty to install a non-slip surface and as to whether the state of the steps on the date of the incident constituted a breach of that duty, Plaintiff has failed to set forth proof concerning essential elements of its claim of negligence. Accordingly, summary judgment for Defendant is warranted on this count of negligence pertaining to the steps.

# V. CONCLUSION

Therefore, Defendant's Motion for Summary Judgment is **GRANTED.**

Defendant's Motion to Compel, Defendant's Motion in Limine to Admit Photographs of Whirlpool as it Appeared on the Date of the Alleged Incident, and Defendant's Motion in Limine to Preclude any Evidence of Subsequent Remedial Measures are **DENIED AS MOOT.**

**IT IS SO ORDERED.**

/s/ *Richard R. Cooch*

Richard R. Cooch, R.J.

cc: Prothonotary

17